IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00775-EWN-BNB

THE BREWER ESTATES,
THE ESTATE OF CHERYL A. BREWER, deceased, and
THE ESTATE OF FRANK T. BREWER, deceased, by their assignee, CRAIG E. WAGNER,

Plaintiffs,

v.

GRANGE INSURANCE ASSOCIATION, a Washington insurance company,

Defendant.
_____

**ORDER**
_____

This matter is before me on the **Plaintiff's Motion to Amend Scheduling Order--To Extend Deadline for Amendment of Pleadings** (the "Motion"), filed July 15, 2005.  The Motion is DENIED.

I held a scheduling conference in this case on June 1, 2005, and entered a scheduling order.  In connection with the scheduling order, I accepted the parties' suggestion and set the deadline to add parties and amend pleadings at July 16, 2005.  I also set a discovery cut-off of November 28, 2005, and the district judge set a dispositive motion deadline of December 27, 2005.  The plaintiff now seeks to extend the deadline to join parties and amend pleadings by "at least three months," Motion at ¶7, to and including October 16, 2005.

In support of the Motion, the plaintiff asserts that he has served discovery on the defendant, but documents responsive to the discovery requests have not yet been received. Motion at ¶4.  Consequently, the plaintiff argues:

> Until these concerned documents are obtained or this Court orders
> that said documents need not be produced, the Plaintiff cannot
> fairly make a [sic] informed decision on possible amendment of
> the pleadings, e.g. the possible addition of a bad faith failure to
> defend claim; [sic] as the current suit is only for breach of the
> concerned insurance contract.

Motion at ¶7.  In short, the plaintiff argues that he does not now have the information necessary

to determine whether an amendment of the complaint is necessary; he may obtain that

information in the future; and in the meantime he does not want the deadline for amendment

contained in the scheduling order to expire.

I will not extend the deadline to amend pleadings in the abstract.  The purpose of this

deadline is to require parties to amend pleadings based on information they currently possess so

that all discovery, including the earliest discovery, is taken based on the claims and defenses as

the parties currently believe they will exist at trial.   As I explained in Colorado Visionary

Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000), a party may seek leave to add

a party or amend pleadings after the deadline contained in the scheduling order has expired, as

follows:

> Where . . . a motion to amend the pleadings . . . is filed after the
> scheduling order deadline, a "two-step analysis" is required.  Once
> a scheduling order's deadline for amendment has passed, a movant
> must first demonstrate to the court that it has "good cause" for
> seeking modification of the scheduling deadline under Rule 16(b).
> If the movant satisfies Rule 16(b)'s "good cause" standard, it must
> then pass the requirements for amendment under Rule 15(a). . . .

Good cause in this context may be satisfied by a showing that the party did not know of the

additional party or claim at the time the deadline expired but learned of it later through discovery

or private investigation or the like.

The extension requested here demonstrates the importance of setting an early deadline,

but allowing its extension upon a showing of good cause.  Here, the plaintiff wants to extend the

deadline for amendment to within approximately one month of the discovery cut-off.  A motion

to amend brought at that late date probably would not be determined until after the discovery

cut-off, and if amendment were allowed there would be no time remaining for discovery

concerning the added party or claim.  The problem is further exacerbated here by the fact that the

district judge generally is reluctant to extend the dispositive motion deadline.

Although the motion is denied at this time, the plaintiff is free to seek leave to extend that

deadline at a later date, when and if he determines that an amendment is necessary, and upon a

showing of good cause why the amendment could not have been sought on or before July 16,

2005, the deadline currently existing.

IT IS ORDERED that the Motion is DENIED.

Dated July 19, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge